JOSIAH Q. BRIGHAM *vs.* SAMUEL O. MEAD.

One who sells shares of the capita stock of a corporation which has not yet issued certificates, and agrees to give the purchaser a certificate when he gets it, is not bound to pay an assessment laid upon the shares thereafter, and before the certificates are issued.

CONTRACT.  The first count of the declaration alleged that on the 11th of March 1863 the defendant sold to the plaintiff four hundred shares of the Vale Copper Company, for which the plaintiff gave to the defendant five hundred dollars, and took from the defendant the following agreement, signed by the defendant : " Sold to J. Q. Brigham four hundred shares Vale Copper Company stock, and he has paid me five hundred dollars for the same, and I am to give him a certificate when I get the same."  This count further alleged that the defendant has had the certificates, but though often requested has refused to give the same to the plaintiff.

The second count was for five hundred dollars, had and received.

It was agreed, in the superior court, that the purchase was

made as averred, and the written memorandum made, nothing being then said about any assessment upon the shares; that an assessment of twenty-five cents upon each share was made on the 1st of April 1863; that the defendant has never received the certificate, and cannot get it without paying to the company the amount of the assessment, and offered to give to the plaintiff the certificate upon payment of the assessment, and also offered and now offers to assign his right in the shares to the plaintiff. The certificates were not issued till the autumn of 1863.

On these facts, judgment was rendered for the defendant, and the plaintiff appealed to this court.

*J. Nickerson,* for the plaintiff.

No counsel appeared for the defendant.

CHAPMAN, J. The agreed statement of facts does not show that the defendant made a sale of stock which he did not own. On the contrary, it is to be inferred that he did own it at the time of the sale, on the 11th of March 1863. The fact that the company were not then prepared to issue certificates of stock, and did not actually issue them until some months afterwards, does not affect the question of ownership. The objection that the sale was void on the ground that it was contrary to Gen. Sts. *c.* 105, § 6, which prohibit the sale of stocks by persons who are not owners thereof or authorized by the owners to sell the same, is not valid. The object of the statute was to prohibit gambling in stocks, and not to prohibit the *bona fide* sale by the real owners, merely because the company had not so far perfected its arrangements for business as to be prepared to issue certificates.

The company did not issue certificates till the autumn after the contract was made. At that time an assessment had been laid upon the shares, and each proprietor must pay it before the company would issue a certificate to him. The principal question in this case is, whether it was the duty of the seller or the purchaser to pay the assessment. We think it was the duty of the purchaser. It does not appear that the assessment was payable or had been laid at the time of the sale; and in the absence of any express stipulation, the property must be understood to

pass in the condition in which it was at the time of the sale. The duty of the vendor would be fulfilled if he discharged all such incumbrances as existed at that time. The transfer of the property as between the parties was effected by the bill of sale. The purpose of a certificate is not to make the transfer, but to furnish a species of evidence of a transfer which has already taken place between the parties. It is important for several collateral purposes; but not for the purpose of a transfer as between the parties. The issuing of a certificate is not the act of the vendor, but of the corporation. The payment of the assessment properly belongs to the plaintiff, because it was laid upon the stock after he became the owner. *Judgment for the defendant.*